**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eugene Dempsey BURGIN, Defendant-Appellant.**

**No. 14604.**

United States Court of Appeals
Sixth Circuit.

Dec. 16, 1961

John R. S. Brooking, Hughes, Clark & Burke, Covington, Ky., for defendant-appellant. Cobb & Brooking, Covington, Ky., on the brief.

Robert D. Simmons, Louisville, Ky., Asst. U. S. Atty., for plaintiff-appellee. William E. Scent, U. S. Atty., Louisville, Ky., on the brief.

Before SIMONS, MARTIN and WEICK, Circuit Judges.

PER CURIAM.

Appellant was convicted by verdict of a jury on two counts, charging that he wilfully and knowingly failed to file income tax returns with the appropriate officer for the calendar years 1957 and 1958, in violation of Section 7203, I.R.C. (1954). 26 U.S.C.A., Section 7203. He was sentenced by Judge Shelbourne to six months' imprisonment on each count, the sentences to run concurrently.

Two Internal Revenue Agents testified, in effect, that the appellant had admitted to them that, during the years in question, he had operated "Bust Out" gambling games [in which crooked dice and marked cards are used]; and that he had been a "fence," that is he had dealt in the purchase and sale of stolen goods. He had also conducted a bail-bond business during a portion of one year. However, he did not testify at his trial.

On this appeal, it is urged on behalf of appellant that, in a criminal prosecution for wilful failure to file income tax returns, the prosecution—when using the net worth and expenditures method—must corroborate the extrajudicial admissions of the defendant by independent evidence as to the defendant's sources of taxable income.

We think that, on the record here, there was sufficient corroborating evidence to meet the standards required by Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192; United States v. Calderon, 348 U.S. 160, 75 S.Ct. 186, 99 L.Ed. 202; and United States v. Massei, 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed. 2d 517. Receipts relating to his bail-bond business, examined by investigators, established the defendant's admission that he had been in the bail-bond business during the year 1958. Also, his purchase of expensive items (including a boat and some automobiles) which ran greatly in excess of $600 per year is corroborative evidence.

The jury evidently did not believe the testimony of appellant's wife, that she had supported him from money earned by her as a prostitute; nor, apparently, did the jury believe the testimony of another woman who had been appellant's "girl friend," that she had loaned him $5,000 during the period of their intimacy.

We think there was substantial evidence to support the verdict of the jury. The judgment of the United States District Court is, accordingly, affirmed.